

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TODD DOUGLAS BABB, | CIV 05-4118 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| R. MARTINEZ, Warden, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Todd Douglas Babb, an inmate at the Federal Prison Camp in Yankton, South Dakota, has filed an application and supporting memorandum for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks to challenge the Bureau of Prisons' ("BOP") calculation of his good conduct time release date. He contends that good conduct time should be calculated based upon the sentence imposed, resulting in an earlier release date than if it is calculated based on the time actually served by him. He argues that the amount of good conduct time allowed by the BOP is 47 days rather than 54 days, as required by 18 U.S.C. § 3624(b).

The claims and arguments raised by Petitioner are identical to those raised by several federal inmates in a consolidated action, *Bernitt v. Martinez*, CIV 04-4144 (D.S.D.). In *Bernitt*, the Court explained that the Eighth Circuit Court of Appeals rejected the challenge to the BOP's interpretation of the good conduct time release statute, which was the same claim advanced by the inmates in *Bernitt*. *Bernitt*, CIV 04-4144 (Memorandum Opinion and Order, Doc. 38, April 11, 2005). In *James v. Outlaw*, the Eighth Circuit held that 18 U.S.C. § 3624(b) "is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed." *James v. Outlaw*, 126 Fed. Appx. 758 (8th Cir. 2005) (unpublished per curiam). Upon finding an ambiguity, the Eighth Circuit held that the BOP's regulation is entitled to deference,

that it is a reasonable interpretation of § 36245(b) and denied the inmate's claims. *See id.* The *James* opinion was followed by the Eighth Circuit in *United States v. Wittman*, 139 Fed.Appx. 759 (8th Cir. 2005) (unpublished per curiam), again rejecting the claim that the BOP is incorrectly calculating inmates' credit for good conduct time. The Court adheres to its ruling in *Bernitt* that § 3624(b) is ambiguous because "term of imprisonment" cannot be consistently read to have the meaning of either "sentence imposed" or "time served in prison" throughout that subsection or in the entirety of § 3624 and that the BOP's regulation interpreting that subsection is entitled to deference. Accordingly,

IT IS ORDERED that Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241, Doc. 1, is denied.

Dated this 29th day of October, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY